IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

JUN 0 8 2012

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST OF OKLA.
BY _*Tubu*_____ DEPUTY

ANTONE LAMANDINGO KNOX,       )
                              )
            Petitioner,       )
                              )
vs.                           )        No. CIV-12-547-W
                              )
JANA MORGAN et al.,           )
                              )
            Respondents.      )

## ORDER

On May 16, 2012, United States Magistrate Judge Bana Roberts issued a Report and Recommendation in this matter and recommended that the matter be transferred to the United States District Court for the Eastern District of Oklahoma. Petitioner Antone Lamandingo Knox was advised of his right to object, see Doc. 7 at 2, but no objections have been filed within the allotted time. Rather, Knox filed a Notice of Intent to Appeal [Doc. 9] and a Motion for Leave to Proceed in Forma Pauperis and supporting affidavit [Doc. 10], all of which were file-stamped June 7, 2012.

A petition seeking a writ of habeas corpus under title 28, section 2241 of the United States Code, such as the Petition for a Writ of Habeas Corpus ("Petition") filed by Knox in the instant case, see Doc. 1, "'attacks the execution of a sentence rather than its validity and must be filed in the [judicial] district where the prisoner is confined.'" Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000)(quoting Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). Knox is currently incarcerated in the Oklahoma State Penitentiary, McAlester, Oklahoma, which is located within the territorial jurisdiction of the Eastern District of Oklahoma; consequently, this Court lacks jurisdiction over Knox's Petition.

.

"Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires . . . [the C]ourt to transfer such an action 'if the transfer is in the interest of justice.'" 210 F.3d at 1150 (quotation omitted).  This provision has been interpreted in this circuit to provide this Court with discretion to determine whether to transfer the action or to dismiss it without prejudice. E.g., Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

Because the Court concurs with Magistrate Judge Roberts' finding that the interest of justice warrants a transfer of Knox's Petition, the Court accordingly

(1) ADOPTS the Report and Recommendation [Doc. 7] issued on May 16, 2012; and

(2) DIRECTS the Clerk of the Court to transfer this matter to the United States District Court for the Eastern District of Oklahoma, and to include in such transmittal Knox's Notice of Intent to Appeal [Doc. 9] and Motion for Leave to Proceed in Forma Pauperis and supporting affidavit [Doc. 10] so that the assigned judge or magistrate judge in that district may take whatever action, if any, is appropriate.

ENTERED this _8th_ day of June, 2012.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

2